Asadoor Berberian
vs.
General Fire Extinguisher Co., et al.
} W. C. A. No. 897.

### July 6, 1929.

BAKER, J. This petition contains two prayers.

The first is that a certain compensation agreement on file may be amended so as to change the disability at the present time from partial to total.

The defendant does not object to this. As a matter of fact, it has been and is at the present time making weekly payments on a basis of present total disability. This request is therefore granted.

The second prayer relates to commutation of payments and presents the real issue in the case.

It appears that upwards of two years ago the petitioner suffered an injury to his left hand near the base of the thumb and between the thumb and forefinger, on the back of the hand. He was treated by different doctors and at the hospital, and has had two incisions made in order to remedy the situation. He has been able to do but little work since the accident and testifies that at the present time he is unable to do anything, as even work of a light nature has a tendency to make his left hand swell and to bring about severe pain, which at times extends up the arm and into the neck.

The petitioner contends that he is and will be in the future totally and permanently disabled. In support of this claim he produced a physician who testified that in his judgment the petitioner's left hand would never be any better. The defendant, on the other hand, placed on the stand a very reputable doctor, who said that in his judgment the petitioner's left hand, if it could be given rest, would gradually improve so that he could make use of it. He stated that this might take considerable time but apparently was unable to fix any definite period during which the petitioner's hand should be rested, although it was intimated that a year's time might be necessary.

The Court does not question the petitioner's contention that it is impossible for him, his wife and two children to live on the weekly payments now being made by the defendant company. Also, the suggestion he makes as to purchasing an interest in a store in Somerville has considerable merit from his point of view of the situation. It must be kept in mind, however, that based on an allowance of total disability for 500 weeks there is still about seven and a half years to look forward to. The burden is on the petitioner to prove he is entitled to commutation covering this period. The matter has been carefully considered in a case in this State (*Lupoli* vs. *Atl. Tubing Co.*, 111 Atl. Rep. 766), which seems in point. There the Court says that to entitle the employee to commutation on the basis of permanent total disability it must be shown to the satisfaction of the Court that the total disability will probably continue for a period of not less than 500 weeks from the date of the injury.

The Court does not feel that the petitioner has sustained this burden. The testimony of the physicians is conflicting but on the whole there seems a reasonably good chance that with rest the petitioner may regain the use of his left hand. His own doctor has testified that petitioner could do some light work.

The Court therefore finds that at the present time, and on the facts as now presented, the petitioner is not entitled to a commutation of payments and this prayer is denied.

For petitioner: E. H. Ziegler.

For respondent: R. T. Barnefield.